# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| RICHARD A. LARSON, JR., | Case No. 26-cv-523 (LMP/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| TAUBELL CORPORATION, *d/b/a Woodies Towing & Transport*; STEVEN TAUBELL, *individually*; TIMOTHY LESSARD, *individually*; and MADIA LAW LLC, | |
| Defendants. | |

Plaintiff Richard A. Larson, Jr., brought this lawsuit asserting causes of action under the Americans with Disabilities Act ("ADA") and Minnesota state law. *See* ECF No. 1 at 5. Larson did not pay the filing fee for opening a new civil action in this District and instead filed an application to proceed *in forma pauperis* ("IFP"). ECF No. 2. As a result, Larson's complaint was subject to pre-service review under 28 U.S.C. § 1915(e)(2) to determine whether the complaint stated a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court reviewed Larson's complaint and determined that Larson's complaint did not state a plausible claim for relief under federal law. *See* ECF No. 3 at 4–5. Specifically, the Court concluded that Larson did not adequately plead an ADA claim because the complaint did "not clearly allege that Larson has a disability." *Id.* at 4. Larson also raised a "retaliation" claim but did "not specify whether the claim [was] brought under state or

federal law." *Id.* Regardless, the Court noted that Larson did "not clearly or plausibly allege that he engaged in activity protected by the ADA or any other federal statute." *Id.* With Larson's federal-law claims dismissed, the Court "decline[d] to exercise supplemental jurisdiction over Larson's remaining state-law claims and dismisse[d] them 'so that [they] may be considered, if at all, by the courts of Minnesota.'" *Id.* at 5–6 (third alteration in original) (quoting *Hervey v. County of Koochiching*, 527 F.3d 711, 726 (8th Cir. 2008)). The Court entered judgment dismissing Larson's complaint without prejudice on February 18, 2026. ECF No. 4.

On March 18, 2026, Larson filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and asks the Court to vacate the judgment, reopen this matter, and allow Larson to amend his complaint. ECF No. 5 at 2. Larson asserts that the deficiencies identified by the Court "are curable through amendment and that reopening the case will allow the claims to be addressed on their merits." *Id.* at 1. He also notes that "leave to amend should be freely granted when justice so requires." *Id.* On March 23, 2026, Larson filed a proposed amended complaint and an exhibit, ECF Nos. 7, 10, and two documents relating to his IFP status, ECF Nos. 8–9.

Motions under Rule 59(e) are intended to "serve the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence." *Tukaye v. Troup*, 157 F.4th 958, 962 (8th Cir. 2025) (citation modified); *see Banister v. Davis*, 590 U.S. 504, 508 (2020) (citation omitted) ("Rule [59(e)] gives a district court the chance to rectify its own mistakes in the period immediately following its decision." (internal quotation marks omitted)). In other words, Rule 59(e) has a "corrective purpose." *Nordgren v. Hennepin*

2

*County*, 96 F.4th 1072, 1077 (8th Cir. 2024).  It is not a vehicle to introduce evidence that could have been presented previously or to "tender new legal theories[] or raise arguments which could have been offered or raised prior to entry of judgment."  *Tukaye*, 157 F.4th at 962.  And although courts "may not ignore the Rule 15(a) considerations for amendment of pleadings," *id.*, leave to amend after entry of judgment "will be granted only 'if it is consistent with the stringent standards governing'" a grant of relief under Rule 59(e).  *In re SuperValu, Inc.*, 925 F.3d 955, 961 (8th Cir. 2019) (quoting *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014)).  In the "post-judgment context," district courts have "broad discretion" in determining whether to grant a Rule 59(e) motion. *Uradnik v. Inter Fac. Org.*, 2 F.4th 722, 727 (8th Cir. 2021) (citation omitted).

Larson does not identify any "error of law or fact that needs correcting" in the Court's order dismissing his complaint.  *Nordgren*, 96 F.4th at 1077.  If anything, Larson concedes that the allegations in his complaint were insufficient to state a claim because he asserts that the "deficiencies" identified by the Court "are curable through amendment." ECF No. 5 at 1.  Further, the evidence Larson provides in support of his proposed amended complaint—a right-to-sue letter issued by the Equal Employment Opportunity Commission—is dated September 8, 2025, ECF No. 10 at 1, several months before Larson filed his complaint, ECF No. 1.  As such, the letter cannot serve as the kind of "newly discovered evidence" that could support a Rule 59(e) motion.  *See Tukaye*, 157 F.4th at 962. Therefore, relief under Rule 59(e) is not appropriate here.  *See id.*; *Nordgren*, 96 F.4th at 1077.

In any event, the proposed amended complaint submitted by Larson either does not cure the deficiencies in his original complaint or introduces new ones.  Larson offers no additional clarity as it relates to his retaliation claim; he still does not identify under which federal statute, if any, he asserts that claim, and his amended pleadings still do not specifically identify any "protected activity" Larson claims to have engaged in.  *See* ECF No. 7 ¶¶ 82, 93.  As for his ADA claim, Larson now asserts that he was "regarded as disabled" and was terminated "based on [Defendants'] perception that [he] had a mental impairment."  *Id.*  ¶¶ 96–98A.  Larson's proposed amended complaint offers only conclusory allegations that he was terminated because he was perceived to have a "mental impairment," ECF No. 7 ¶ 98A, but that is not enough to state a plausible claim for relief. His allegations do not suggest, for example, that his employer regarded him as "unable to work in a broad class of jobs."  *Wells v. BNSF Ry. Co.*, No. 17-cv-807 (JNE/FLN), 2017 WL 5513626, at *3 (D. Minn. Nov. 16, 2017) (quoting *Knutson v. Ag Processing, Inc.*, 394 F.3d 1047, 1051 (8th Cir. 2005)).

For these reasons, Larson's proposed amended complaint still does not state a plausible claim for relief under federal law, leaving only his claims under Minnesota state law.  And as the Court previously explained, "[w]hen a federal court has dismissed all claims within its original jurisdiction . . . 'it is appropriate for [the] court to decline to exercise supplemental jurisdiction over' the remaining claims."  ECF No. 3 at 5 (second alteration in original) (quoting *Steffen v. St. Paul Eye Clinic, P.A.*, 652 F. Supp. 3d 1029, 1042 (D. Minn. 2023)).  As a result, even if the Court granted Larson leave to file his

amended complaint, the amended complaint would be dismissed for the same reasons as his original complaint.

The Court understands Larson's desire to have his claims "addressed on their merits." ECF No. 5 at 1. But the Court notes that his original complaint was dismissed without prejudice, ECF No. 3 at 6, meaning he may attempt to cure the deficiencies in his pleadings and open a new matter, whether he proceeds IFP, pro se, or through counsel. Relief under Rule 59(e) is not appropriate in this case, however, and this matter is now closed.

## CONCLUSION

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that Larson's Motion to Alter or Amend Judgment and To Reopen Case with Leave To File Amended Complaint (ECF No. 5) is **DENIED**.


Dated: April 29, 2026                    *s/Laura M. Provinzino*
                                         Laura M. Provinzino
                                         United States District Judge

5